UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRIMAX ELECTRONICS LTD,<br><br>    Plaintiff,<br>v.<br><br>KYE SYSTEMS AMERICA CORP.,<br><br>    Defendant. | Case No.: C-10-80041 MISC. JW (PVT)<br><br>**ORDER GRANTING DEFENDANT KYE SYSTEMS AMERICA CORP.'S MOTION TO SHORTEN TIME**<br><br>**[Docket No. 9]** |

Defendant and counter-claimant Kye Systems America Corporation moves to shorten time on its motion to compel further deposition of non-party Robert Guillot. ("KSAC"). In support of the motion to shorten time, defendant KSAC states that pursuant to a subpoena issued and served in this district, non-party witness Robert Guillot and his counsel appeared for deposition on February 17, 2010 and the deposition was largely unproductive. Indeed, defendant KSAC terminated the deposition after one hour in order to seek relief from the court. During the course of Mr. Guillot's deposition, defendant KSAC states that his counsel, *inter alia,* engaged in lengthy speaking objections in an effort to coach the witness, improperly advised the witness not to answer certain questions and insisted on taking a break before the witness had provided a response to a pending question. Additionally, defendant KSAC notes that the discovery cut-off

is February 25, 2010 and trial is scheduled to commence on May 11, 2010.

Plaintiff and counter-claim defendant Primax Electronics Ltd. opposes the motion to shorten time. ("Primax"). In sum, plaintiff Primax argues that defendant KSAC has failed to engage in a meaningful meet and confer as required by the local rules and that there is no basis for shortening time on the motion to compel. Plaintiff Primax states that Mr. Guillot's testimony is neither time-sensitive nor central to the underlying action. His testimony relates solely to the issue of plaintiff's alleged willful infringement. Moreover, plaintiff Primax states that it "is []willing to allow Mr. Guillot's deposition to proceed beyond the February 25, 2010 cut-off for depositions in this matter." Opp. at 2. And "[g]iven Mr. Guillot's ready availability, there is simply no need for a motion to compel Mr. Guillot to re-appear for deposition, much less a need for such a motion to be heard on shortened time." *Id.*

Civil L.R. 6-3 requires the moving party to "identif[y] the substantial harm or prejudice that would occur if the Court did not change the time."

Having reviewed the papers and considered the arguments of counsel, defendant KSAC's motion is granted.[1] The hearing shall be held on March 16, 2010 at 10AM in Courtroom 5.[2] Plaintiff Primax shall file its opposition, if any, no later than March 4, 2010 and defendant KSAC shall file its reply, if any, no later than March 10, 2010.

---

[1] The holding of this court is limited to the particular facts and circumstances underlying the present motion.

[2] Plaintiff Primax has agreed to stipulate to allow Mr. Guillot's deposition to proceed beyond the February 25, 2010 cut-off. Additionally, in this district, "no motion to compel discovery may be filed more than 7 days after the discovery cut off." Civ. L.R. 26-2.

Prior to the hearing, the parties shall meet and confer on defendant KSAC's motion to compel.[3]

IT IS SO ORDERED.

Dated: February 25, 2010

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] "'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required . . . . [t]he mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion-either in a face to face meeting or in a telephone conversation." Civ. L.R. 1-5(n).